**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4522**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RYAN MARTAIS NESBITT,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-02-335)

———————

Submitted:  June 24, 2004                    Decided:  July 1, 2004

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Harry L. Devoe, Jr., New Zion, South Carolina, for Appellant.  Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ryan Martais Nesbitt appeals from his one hundred twenty month sentence imposed following his guilty plea to conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base (crack) and five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (2000). Nesbitt's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the propriety of the colloquy pursuant to Fed. R. Crim. P. 11. Nesbitt was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm Nesbitt's conviction and sentence.

We find that Nesbitt's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Rule 11. Nesbitt was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court properly computed Nesbitt's offense level and criminal history category and correctly

determined the applicable guideline range of one hundred twenty[*] to one hundred thirty-five months.  Nesbitt's sentence was within this range.  See United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994) (holding that imposition of a sentence within the properly calculated range is not reviewable).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Nesbitt's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Nesbitt was subject to a mandatory minimum sentence of one hundred twenty months.  See 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2004).